IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:02-cr-00052-SPM-AK

ERIC EUGENE BALCOM,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 77, Motion to Vacate under 28 U.S.C. § 2255, by Eric Eugene Balcom. Because the motion hinges on the alleged unconstitutionality of certain convictions which are presently being challenged in state court, the Court stayed this matter pending a final ruling in state court. Doc. 78. When a considerable amount of time passed without resolution in state court, the Court lifted the stay and ordered the Government to respond. Doc. 93. The Government has now filed its response, Doc. 98, and Petitioner has filed a reply. Doc. 99. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to vacate be denied without prejudice.

## BACKGROUND

Defendant pled guilty to conspiracy to possess with intent to distribute more than 50 grams of crack cocaine. Before the plea, the Government filed an Information and Notice of Intent pursuant to 21 U.S.C. § 851, advising Defendant of its intention to seek an enhanced

sentence based on two prior state court convictions for possession of cocaine with intent to sell or deliver and for possession of cocaine.  Doc. 12.  Defendant opposed this proposed enhancement.  Doc. 51.  While he agreed that the conviction for possession with intent might be a proper enumerated offense for enhancement, he argued "the charge of possession of cocaine, without more, is not a prior predicate offense."  *Id*.  He further argued that state court charging documents failed to "state what conduct by the Defendant was utilized to determine his intent to sell or deliver," and thus, the possession with intent conviction was really a "case of simple felonious possession of cocaine."  *Id*.  Finally, he complained that the probation officer had improperly substituted a conviction for aggravated assault for the possession conviction in order to salvage the § 851 enhancement.  *Id*.

At sentencing, the Court imposed a life sentence based on the two prior felony drug convictions, Doc. 76, and Defendant appealed.  On appeal, the Eleventh Circuit found that "because both prior convictions included in the government's § 851 information were state felony convictions relating to narcotics, and were punishable by more than one year imprisonment, they satisfied the § 841(b)(1)(A) requirement to show two prior felony drug convictions before imposition of the statutory minimum sentence of life imprisonment."  *Id*.  Thus, the Court did not err in enhancing Defendant's sentence.  *Id*.

The instant motion to vacate followed.  As noted, the only issue is whether Defendant's "prior state convictions are invalid and subject to successful collateral attack as unconstitutional."  Doc. 77.  In response, the Government maintains that Defendant's efforts to attack the state court convictions are untimely, since he did not dispute their validity, as opposed to their applicability for enhancement, before sentencing.  Doc. 98.  Furthermore, he failed "to

state the basis for his challenge to the validity of the convictions." *Id*. The Government further argues that until such time as Defendant successfully challenges the state court convictions, the instant motion should be dismissed. *Id*. Therefore, the motion to vacate "should be denied without prejudice to reopen within 60 days of final resolution of his motion in State Court." *Id*. In reply, Defendant advises that the state court dismissed his post-conviction motion without prejudice to refiling in the appellate court based on counsel's failure to file a notice of appeal after he was requested to do so. Doc. 99. He also argues for the first time that based on the retroactive amendments to the Guidelines regarding crack cocaine, his life sentence is eliminated. *Id*.

## DISCUSSION

It is undisputed that a "defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." *Johnson v. United States*, 544 U.S. 295, 303 (2005). The allegedly invalid state court conviction cannot be collaterally attacked in federal court, however, absent a showing that the defendant was convicted in violation of his right to counsel. *Id*. Instant Defendant has not tried to attack the validity of his state court convictions in this Court but has instead properly sought relief in state court. In that situation, the one-year statute of limitations for seeking § 2255 relief "begins when [he] receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." *Id*. at 298.

Dismissal of this motion without prejudice is therefore appropriate, as there has been no order vacating either prior state court conviction. To the extent that Defendant seeks relief pursuant to the retroactive amendments to the Guidelines, he should file a motion pursuant to 18 U.S.C. § 3582(c)(2).

Accordingly, it is respectfully **RECOMMENDED** that the motion to vacate, Doc. 77, be **DENIED WITHOUT PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *2nd*  day of April, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**