IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                                  Case Nos.:   4:02cr52/RH/CAS
                                                                  4:14cv306/RH/CAS

ERIC EUGENE BALCOM

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and supporting memorandum of law (doc. 155).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is the opinion of the undersigned that Defendant's motion should be summarily dismissed.[1]

---

[1] Defendant's motion is not on the appropriate court form as required by Northern District of Florida Local Rule 5.1(J)(2).  If summary dismissal were not warranted in this case, Defendant would be required to file an amended motion on the court form as required by this rule before his motion would be considered on the merits.

BACKGROUND and ANALYSIS

Defendant received a sentence of life imprisonment after pleading guilty to conspiring to possess more than fifty grams of cocaine base with intent to distribute.  his (docs. 53, 54).  The Eleventh Circuit affirmed Defendant's sentence in July of 2004 (doc. 76).  Defendant filed a motion pursuant to 28 U.S.C. § 2255 in September of 2005 (doc. 77).  Because the motion was dependent upon a finding that certain state convictions were unconstitutional, the court stayed the matter while Defendant challenged these convictions in state court and ultimately dismissed the motion without prejudice to its reassertion if the state convictions were invalidated (docs. 101, 105).  Defendant now files the instant motion pursuant to 28 U.S.C. § 2255(f)(3), claiming that he is entitled to sentencing relief under the Supreme Court's decision in Descamps v. United States, 133 S.Ct. 2276 (2013).

Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 F. App'x 409 (11th Cir. 2010).  Absent such permission, the district court has no jurisdiction to consider a successive motion.  Because Defendant's previous motion was dismissed without prejudice, the instant motion is arguably not successive.  Even if that is the case, Defendant is not entitled to relief.

The Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001). The Supreme Court has not declared its decision in Descamps to be retroactively applicable on collateral review, nor has the undersigned found any cases applying Descamps retroactively to cases on collateral review, although many cases have held to the contrary.  See, e.g., United States v. Boykin, Case Nos. 4:07cr38-RH/GRJ, 4:14cv224-RH/GRJ, 2014 WL 2459721 (N.D. Fla., May 31, 2014) (dismissing § 2255 filed in reliance on Descamps as untimely); Larvie v. United States, Case No. CIV 14-3006, 2014 WL 2465588, at *5 (D. S.D. June 2, 2014) (denying motion based on Descamps and noting that court had found no cases that had found Descamps retroactively applicable on collateral review); Pulley v. United States, Case Nos. 2:13CV257-PPS, 2:04CR12-PPS, 2014 WL 2206893, at *2 (N.D. Ind. May 27, 2014) (finding that Descamps broke no new found and thus did not "revive the one year limitations period of § 2255"); Baker v. Zych, Case No. 7:13cv512, 2014 WL 1875114, at *2 (W.D.Va. May 9, 2014) (collecting decisions finding that Descamps is not retroactive on collateral review); Valencia-Mazariegos v. United States, Case No. A-09-CR-228-SS, 2014 WL 1767706 at *3 (W.D. Tex. May 1, 2014) ("the Supreme Court has not declared its decision in Descamps to be retroactively applicable on collateral review, and this Court has not found any lower court cases applying Descamps retroactively to cases on collateral review"); Harr v. United States, Case No. 14-cv-1152, 2014 WL 1674085 at *3 (C.D. Ill. 2014) (Descamps did not announce a new rule of law but merely clarified existing

law and thus did not apply retroactively on collateral review); United States v. Hastings, Case No. 11-25(1)(RHK/FLN), 2014 WL 1584482 at *7 (D. Minn. Apr. 21, 2014) (noting the Supreme Court has not held that Descamps is retroactively applicable on collateral review and the court was unaware of any other federal court applying Descamps to a case that became final on direct appeal before Descamps was decided);  Hoskins v. Coakley, Case No. 4:13 CV 1632, 2014 WL 245095 at *5 (N.D.Ohio, Jan. 22, 2014) ("there is no suggestion that the Supreme Court intended Descamps to be applied retroactively to cases which already became final after appeals"); Roscoe v. United States, No. 2:11–CR–37–JHH–RRA, 2013 WL 5636686, at *11 (N.D. Ala. Oct.16, 2013) (noting the Supreme Court has not made Descamps retroactively applicable on collateral review); Strickland v. English, No. 5:13–CV–248–RS–EMT, 2013 WL 4502302, at *8 (N.D. Fla. Aug.22, 2013) (finding Descamps was not retroactive and thus "does not open the § 2241 portal" to review claims under the savings clause).  Because Descamps is not retroactively applicable on collateral review, it does not afford Defendant relief.  Defendant's motion is time-barred and should be dismissed.[2]

## CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the

---

[2]Defendant's complete reliance on Descamps forecloses the need for a discussion of equitable tolling.

Case Nos.: 4:02cr52/RH/CAS; 4:14cv306/RH/CAS

showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 155), be **SUMMARILY DISMISSED**.

2. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this   19th  day of June, 2014.


                                   s/ Charles A. Stampelos
                                   **CHARLES A. STAMPELOS**
                                   **UNITED STATES MAGISTRATE JUDGE**


Case Nos.: 4:02cr52/RH/CAS; 4:14cv306/RH/CAS

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).