IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA,

v().                                              CASES NO. 4:02cr52-RH/CAS
                                                             4:14cv306-RH/CAS

ERIC EUGENE BALCOM,

     Defendant.

_____/


## ORDER DENYING THE § 2255 MOTION

     The defendant Eric Eugene Balcom pleaded guilty to conspiring to distribute, and to possess with intent to distribute, more than 50 grams of crack cocaine. Under 21 U.S.C. § 841(b)(1)(A) as in effect at that time, the mandatory sentence was life in prison for a defendant convicted of a crack distribution offense involving 50 grams or more, if the defendant had "two or more prior convictions for a felony drug offense" that had become final. Mr. Balcom had two such convictions, both in Florida state court. One was for possessing cocaine. The other was for possessing cocaine with the intent to distribute it. So in this federal case, Mr. Balcom was sentenced to life in prison. Any other sentence would have been contrary to law.

The Fair Sentencing Act raised the amount of crack that, in combination with two or more convictions of felony drug offenses, triggers a mandatory life sentence. The amount is now 280 grams, not 50 grams. But the Fair Sentencing Act is not retroactively applicable on collateral review. Mr. Balcom's earlier motion for a sentence reduction under the Fair Sentencing Act was properly denied.

Mr. Balcom now has filed a motion for relief under 28 U.S.C. § 2255 on the ground that, under new decisions including *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275 (11th Cir. 2013), his two Florida convictions did not properly trigger the mandatory life sentence. That is wrong on the merits. *Donawa* held that Florida drug convictions did not count as drug *trafficking* offenses under 8 U.S.C. § 1101(a)(43)(B), which incorporates the definition of a drug *trafficking* crime from 18 U.S.C. § 924(c). The reason was the absence of a *mens rea* requirement sufficient to make the defendant a trafficker. But offenses that trigger a life sentence under 21 U.S.C. § 841(b)(1)(A)—the statute under which Mr. Balcom was convicted—are not limited to drug *trafficking* offenses. To the contrary, § 841(b)(1)(A) applies based on any "drug felony offense." Nothing in *Donawa* suggests Florida convictions for possessing or possessing with intent to distribute cocaine are not drug felony offenses. Mr. Balcom's convictions were felonies—he does not, and could not

reasonably, assert the contrary—and they required possession of cocaine as an element of the offense. These were, in short, drug felony offenses. *Cf. United States v. Burton*, No. 13-13340, 2014 WL 1800822 (11th Cir. May 7, 2014) (unpublished) (holding, on plain-error review, that a Florida drug conviction was a "controlled substance offense" within the meaning of the federal sentencing guidelines, notwithstanding *Donawa*'s conclusion that such a conviction was not a drug *trafficking* offense).

So Mr. Balcom is wrong on the merits. And his § 2255 motion also fails on procedural grounds. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 156, and the objections, ECF No. 158. As explained in the report and recommendation, this is not Mr. Balcom's first § 2255 motion. Under 28 U.S.C. § 2244(b)(3), a district court cannot entertain a second or successive § 2255 motion unless the court of appeals has authorized the defendant to file the motion. The Eleventh Circuit has not authorized Mr. Balcom to file this motion. The § 2255 motion thus must be denied for lack of jurisdiction. And the motion would be denied on the merits, even if it was properly filed.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits).  As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

The defendant has not made the required showing.  This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED."

2. The defendant's application for a certificate of appealability is DENIED.

SO ORDERED on July 14, 2014.

               <u>s/Robert L. Hinkle      </u>
               United States District Judge